UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANTON SHELTON, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:08CV01949 ERW |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. After considering the financial information provided with the motion, the Court will allow plaintiff to proceed without prepayment of the filing fee. Additionally, upon review of the complaint, the Court finds that it does not comply with the Federal Rules of Civil Procedure. The Court will therefore order plaintiff to file an amended complaint.

**Standard**

The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are required to abide by the Federal Rules. E.g., Williams v. Harmon, No. 07-3800, 2008 WL 4331125 (8th Cir. 2008) (unpublished slip opinion); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement" of a plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) further requires that where "doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Id.

## Discussion

Plaintiff's complaint consists of 147 pages of handwritten rambling and incoherent allegations. The manner in which the complaint is drafted makes it impossible for the Court to determine what plaintiff's claims are. As such, the Court is unable to determine whether plaintiff has stated a claim upon which relief can be granted.

The complaint fails to meet the requirements of Rules 8 or 10. The complaint is not simple, concise, or direct, and claims founded on separate transactions and occurrences are not stated in separate counts.

Because plaintiff is pro se, the Court will allow plaintiff an opportunity to file an amended complaint that complies with the Federal Rules. Plaintiff shall have 30 days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Civil Complaint form .

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.

Dated this 14th Day of January, 2009.

                                                                 E. RICHARD WEBBER
                                                                 UNITED STATES DISTRICT JUDGE